MICRO SWITCH, a division of HONEYWELL, INC., Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Appellees.

First District (5th Division)   No. 86—1541

Opinion filed September 25, 1987.

James A. Burstein and Laura DiGiantonio, both of Chadwell & Kayer, Ltd., of Chicago, and Honeywell, Inc., of Minneapolis, Minnesota (David Grabham, of counsel), for appellant.

Lionel I. Brazen and Manuel Rosenstein, both of Chicago, for appellee Erle B. Johnson.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Kathryn A. Spalding, Assistant Attorney General, of Chicago, of counsel), for appellee Human Rights Commission.

JUSTICE LORENZ delivered the opinion of the court:

The Illinois Human Rights Commission (Commission) found that Micro Switch had violated the Illinois Fair Employment Practices Act (Ill. Rev. Stat. 1979, ch. 48, par. 851 et seq.) (FEPA) by demoting Erle B. Johnson because of what they erroneously perceived as a handicap. The Commission ordered that he be reinstated to the higher position of employment. On administrative review the circuit court affirmed the decision and ordered Micro Switch to "restore" Johnson even though he had been terminated subsequent to the Commission's decision. On appeal Micro Switch urges the following: (1) the circuit court erred in affirming the Commission's decision because the FEPA did not authorize a claim for perceived handicap discrimination; and (2) the circuit court erred in ordering the rehiring of Johnson.

We affirm in part and remand in part.

On January 5, 1979, Johnson filed a "Charge of Unfair Employment Practice" with the Illinois Fair Employment Practices Commission (FEPC)[1] alleging that following his treatment for a brain aneurysm and hemorrhage he had been demoted from senior field sales engineer to an internal sales position and that Micro Switch's decision

---

[1]The FEPA was in effect at the time Johnson's charge was filed and the complaint issued in this case. (See Ill. Rev. Stat. 1979, ch. 48, par. 851 et seq.) One year after Johnson's charge had been filed the Illinois Human Rights Act (Ill. Rev. Stat. 1981, ch. 68, par. 9—101 et seq.) was enacted which repealed and supplanted the FEPA. Under a savings provision of the Human Rights Act, actions pending under the FEPA at that time were not to be affected and were to be assumed by the newly created Illinois Human Rights Department and Commission. (Ill. Rev. Stat. 1981, ch. 68, par. 9—102(A).) As a consequence, Johnson's action proceeded under the Human Rights Department and Commission.

was based upon its belief that the illness resulted in a substantial limitation on his ability to perform as a senior field sales engineer. On April 14, 1980, the FEPC issued a "Complaint of Unfair Employment Practices" based on this charge alleging that the illness and treatment had not affected Johnson's ability to perform the essential duties of the sales position he had held at Micro Switch, but that Micro Switch had removed Johnson from his position and demoted him as a result of its perception of his purported diminished abilities. The complaint concluded that, as a result, Micro Switch "discriminated against [Johnson] in violation of section 3(a) of the [FEPA]." In the complaint, the FEPC requested, *inter alia*, the reassignment of Johnson to a senior field sales engineer position and a cease and desist order prohibiting Micro Switch from demoting individuals in similar circumstances.

On October 14, 1980, Micro Switch moved to dismiss on the grounds that the FEPC and its successor, the Human Rights Commission, lacked jurisdiction because the FEPA did not recognize a claim based on discrimination due to a perceived, not actual, handicap. On November 19, 1980, the administrative law judge (ALJ) denied this motion.

Subsequently, administrative hearings were held in which Johnson sought to demonstrate that Micro Switch demoted him as a result of its perception of his handicap. On November 4, 1981, the ALJ issued a recommended order and decision finding that the Commission had jurisdiction over the cause and that Micro Switch perceived Johnson as handicapped and failed to articulate a legitimate nondiscriminatory basis for its conclusion that he was no longer a competent field engineer. The ALJ recommended that the Commission sustain the complaint and order, *inter alia*, that Johnson be restored to the position of senior field sales engineer and that Micro Switch cease discriminating against employees on the basis of handicap in the evaluation of job performance. On June 29, 1982, the Commission issued its decision which affirmed the ALJ's recommended order and decision.

On March 19, 1984, Johnson filed a new charge with the Human Rights Commission alleging that he had been terminated from Micro Switch in retaliation for filing his handicap discrimination charge. At the same time Johnson filed a similar charge with the Equal Employment Opportunity Commission. No administrative complaint has ever been issued as a result of either of these charges.

On administrative review the circuit court of Cook County remanded the cause to allow Micro Switch to meet the claims for mental (as opposed to physical) handicap which Micro Switch claimed

Johnson had improperly raised only at the close of the administrative hearings. Johnson then filed with the Human Rights Commission and the circuit court emergency petitions to compel Micro Switch to cease and desist from discrimination. Johnson alleged in both petitions that Micro Switch had informed him on March 19, 1984, his employment was to be terminated. He requested that Micro Switch be required to reinstate him as an employee of Micro Switch. However, the circuit court dismissed the petition, finding that it lacked jurisdiction over the matter because the case had already been remanded. The Human Rights Commission remanded the petition to the ALJ, with directions to determine whether Micro Switch had violated its previous cease and desist order.

On June 11, 1984, a hearing before an ALJ was held pursuant to the circuit court's remand. Johnson testified that when he returned to work at Micro Switch he was fully recovered from his illness and was in no way impaired. At no time during this hearing was the subject of Johnson's termination raised. The ALJ entered a recommended order finding that Micro Switch had not submitted any evidence to meet the claim of perceived mental handicap but instead attempted to reargue its case *de novo*. Accordingly, the ALJ recommended that the initial Human Rights Commission order be affirmed without addition. It was additionally noted that neither party presented any evidence with regard to the alleged violation of the Commission's cease and desist order.

The Commission thereafter issued a supplemental order and decision affirming the ALJ's recommended supplement to order and decision stating that the additional evidence adduced on remand had in no way affected its decision in the June 1982 order.

On administrative review the circuit court affirmed the Commission's decision on the ground that the decision was not against the manifest weight of the evidence. The circuit court also confirmed the Commission's order that Johnson be reinstated in his position. Micro Switch moved to delete the reinstatement order because the Commission sought only to have Johnson placed in the higher position of employment, whereas the circuit court sought to have Johnson rehired. Micro Switch noted that the issue of rehiring Johnson was not presented to the Commission because at that point he was not yet fired.

The circuit court denied Micro Switch's motion and affirmed the March 21, 1986, order. On May 5, 1986, Johnson filed a petition for a rule to show cause and for other relief. In this petition Johnson alleged that because the March 21, 1986, order and decision stated that "defendant Erle Johnson be reinstated under the terms and condi-

tions of his previous employment" Micro Switch should be required to reemploy Johnson at Micro Switch and that its failure to do so should subject it to contempt proceedings. However, this court granted the Micro Switch motion to stay pending appeal.

OPINION

Initially it needs to be noted that Micro Switch only challenges the jurisdiction of the Human Rights Commission to consider Johnson's claim of discrimination based upon perceived handicap and the propriety of the circuit court's order granting him reinstatement. Micro Switch does not challenge the sufficiency of the evidence supporting the Commission's determination that Micro Switch discriminated against Johnson based upon his perceived handicap. Consequently, any argument with regard to the sufficiency of the evidence has been waived and will not be addressed by this court.

Although the Fair Employment Practices Act was replaced by the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*) in 1979, it was in force when the alleged discrimination occurred. The Illinois Human Rights Commission replaced the FEPC and was authorized to adjudicate Johnson's claim. At the time of Johnson's claim, the Act provided:

"Sec. 3. Unfair Employment Practices.

It is an unfair employment practice:

(a) For any employer, because of *** mental handicap unrelated to ability of an individual *** to refuse to hire, segregate or otherwise to discriminate against such individual with respect to hire, selection *** tenure, terms or conditions of employment; ***." (Ill. Rev. Stat. 1979, ch. 48, par. 853(a).)

The term "handicap" is not defined in the FEPA[2], but is defined in the interpretive guidelines promulgated by the FEPC. The guidelines provide:

"Sec. 3.2. Definitions.

(a) Physical or mental handicap shall be defined as any physical or mental impairment *** and which constitutes or is regarded as constituting a substantial limitation to one or more of a person's major life activities." (Guidelines on Discrimination in Employment Under the Fair Employment Practices Act, art. 3, sec. 3.2 (1976).)

The language "or is regarded as" demonstrates that the FEPC recog-

---

[2]Under the Human Rights Act, claims for perceived handicap were explicitly authorized by the language of the statute. Ill. Rev. Stat. 1985, ch. 68, par. 1—103(I).

nized that an individual who was perceived to be handicapped was protected by the Act.

Micro Switch asserts that the guidelines' interpretation of a claim for perceived handicap is erroneous because the language of the FEPA demonstrates that the Illinois legislature did not intend that the FEPA include such a claim. As a consequence, this interpretation of the FEPA was in error and fails to support the claim upon which this action rests. We do not agree.

■■ ■ An administrative agency has the power to construe its own rules and regulations to avoid absurd or unfair results. (*Hoffman v. Wilkins* (1971), 132 Ill. App. 2d 810, 270 N.E.2d 594.) The purpose of the FEPA was to prohibit unfair employment practices. (Ill. Rev. Stat. 1979, ch. 48, par. 851.) Micro Switch's interpretation of the Act would permit it to discriminate against someone it believes to be handicapped, but would prohibit such conduct if the person actually suffered an impairment, which is not related to his performance or ability. This interpretation is inconsistent with the purpose of the FEPA. Deference must be given to the FEPC's interpretation of its own rules and regulations and the reviewing court will not overrule the Commission's construction unless it is plainly erroneous. (*Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 335 N.E.2d 600.) We find no plain error in the FEPC's construction of the term "handicap."

In addition, Micro Switch asserts that because the Human Rights Act specifically provides relief for claims for perceived handicaps, the FEPA necessarily must not have provided relief for such claims. In essence, Micro Switch asserts that the Human Rights Act effected a distinct change in statutory language from that of the FEPA with this explicit inclusion. We do not agree. We find the addition of this language within the Human Rights Act merely operates to clarify the meaning of "handicap" within the statute. (See *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204.) Further, it demonstrates the recognition and deference given to the guidelines' interpretation of its own rules and regulations.

■ Micro Switch next asserts that even if the circuit court had jurisdiction over Johnson's claim of discrimination, the court erred in ordering his reinstatement. Micro Switch asserts that the grant of this relief exceeded the court's authority under the Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 110, par. 3—111.) Section 3—111 provides that the court on administrative review may affirm or reverse the agency's decision in whole or in part or remand the cause to the agency for further proceedings. (Ill. Rev. Stat. 1985, ch. 110,

par. 3—111(5).) The circuit court lacks jurisdiction to review an affirmative order of its own outside of the findings of an administrative agency. (*Adamek v. Civil Service Comm'n.* (1958), 17 Ill. App. 2d 11, 149 N.E.2d 466.) We find that the circuit court's order of reinstatement exceeded its statutory authority. The Illinois Human Rights Act expressly limits a court's jurisdiction over the subject of an alleged civil rights violation other than as set forth in the Act itself. Ill. Rev. Stat. 1985, ch. 68, par. 8—111(C).

In June 1982 the Commission ordered, *inter alia*, that Johnson, "be restored to the position of Senior Field Engineer." On March 19, 1984, Johnson was terminated. That termination has not been held to be invalid. During the pendency of this appeal, pursuant to Supreme Court Rule 329, Micro Switch has filed findings of both the Human Rights Commission and the United States Department of Labor dismissing Johnson's claim for retaliatory discharge for failing to show cause. Johnson never sought to amend his pleadings and therefore the circuit court was limited to reviewing the validity of his demotion, which was the issue presented to the Commission. The circuit court upheld the findings of the Commission. Thus, the damages to which Johnson is entitled are those incurred as a result of his discriminatory demotion up until the time of his termination.

Accordingly, for the reason enumerated above, the circuit court's order which affirmed the decision of the Human Rights Commission is affirmed in part and remanded in part. This cause is remanded to the Human Rights Commission for a determination of the extent of Johnson's damages not inconsistent with this opinion.

Affirmed in part and remanded in part.

SULLIVAN, P.J., and MURRAY, J., concur.